UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW E. ROTH on behalf of ALTICE USA, INC., <br><br> Plaintiff, <br><br> -v- <br><br> PATRICK DRAHI, NEXT ALT S.a.r.l., BIDFAIR LUXEMBOURG S.a.r.l., ALTICE UK S.a.r.l., UPPERNEXT S.C.S.p., <br><br> Defendants, <br><br> and <br><br> ALTICE USA, INC., <br><br> Nominal Defendant. | Civil Action No. 1:23-cv-5522 <br><br> (*Jury Trial Demanded*) |

COMPLAINT
‾‾‾‾‾‾‾‾‾

Plaintiff Andrew E. Roth ("Roth") by his attorneys, Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1. Plaintiff Roth is a New York resident who is the owner of common stock of Altice USA, Inc. ("Altice USA" or the "Company").

2. Altice USA, a nominal defendant herein, is a Delaware corporation with its principal place of business at 1 Court Square West, Long Island City, NY 11101.

3. Defendant Patrick Drahi ("Drahi") is an individual with a business address at 1, Rue Hildegard Von Bingen, L-1282 Luxembourg, Grand Duchy of Luxembourg. At all

relevant times, Drahi directly and indirectly through his ownership and control of defendants Next Alt, Bidfair, Altice UK and UpperNext, as hereinafter defined, was a controlling stockholder of the Company and a director of the Company.

4. Defendants Next Alt S.a.r.l. ("Next Alt") and Bidfair Luxembourg S.a.r.l. ("Bidfair") are Luxembourg corporations that have limited and closed owner participation. Next Alt and Bidfair are indirect, wholly-owned and controlled personal holding companies of Drahi. Next Alt and Bidfair have a place of business at1, Rue Hildegard Von Bingen, L-1282 Luxembourg, Grand Duchy of Luxembourg.

5. Defendant Altice UK S.a.r.l. ("Altice UK"), formerly known as Altice CVC Lux S.a.r.l., is a Luxembourg corporation that has limited and closed owner participation. Altice UK is controlled by and 90% indirectly owned by Patrick Drahi. Altice UK has a place of business at 1, Rue Hildegard Von Bingen, L-1282 Luxembourg, Grand Duchy of Luxembourg.

6. Defendant UpperNext S.C.S.p. ("UpperNext") is a Luxembourg special limited partnership. UpperNext is a wholly-owned and controlled personal holding company of Drahi. Uppernext has a place of business at 1, Rue Hildegard Von Bingen, L-1282 Luxembourg, Grand Duchy of Luxembourg.

## JURISDICTION AND VENUE

7. This action is brought by Roth on behalf of Altice USA pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p(b) ("§16(b)"), to obtain disgorgement of profits realized by defendants in violation of that statute. Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that certain of the acts underlying this action occurred in this District.

## THE GOVERNING LAW

8. Section 16(b) of the Exchange Act provides that if an issuer's directors, officers, and any person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells, or sells and purchases any equity security of such issuer within a period of less than six months ("short-swing transactions"), any profits arising from those transactions are recoverable by the issuer or by a shareholder suing on its behalf.

9. The statute addresses the problem of insider trading by directors, officers, and principal stockholders from engaging in speculative transactions based on information not available to others. The statute confers on securities issuers a legal right, grounded in common law, that makes such persons "constructive trustees" of the corporation with a fiduciary duty not to engage in short-swing trading of the issuer's stock.

10. SEC Rule 16a-1(a)(2) promulgated under the Exchange Act defines the term "beneficial owner" for all purposes, other than for determining whether a person is a greater than 10% beneficial owner, as any person who has or shares a direct or indirect pecuniary interest in an equity security registered under Section 12 of the Act. The term "pecuniary interest" is defined as "the opportunity, directly or indirectly, to profit or share in any profit derived from a transaction in the subject securities." 17 CFR 240.16a-1(a)(2)(i).

## SECTION 16(b) GROUP ACTIVITY

11. Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group

3

are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from short-swing transactions by such group to the extent of the group member's pecuniary interest in the short-swing transactions.

12. Defendants Drahi, Next Alt, Bidfair, Altice UK, and UpperNext constitute a group (collectively the "Drahi Group") for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act.  At all relevant times, the Drahi Group was a greater than 10% beneficial owner of the Company's class A common stock, par value $0.01 (the "Common Stock") and a statutory insider owing fiduciary duties to the Company not to engage in speculative short-swing transactions.  The Drahi Group garnered short-swing profits in violation of Section 16(b) disgorgeable to the Company in the transactions hereinafter set forth.  As all purchases and sales for each of the Drahi Group members were directed by Drahi, at all relevant times, a group was formed and operative within the meaning of §13(d)(3) of the Exchange Act, for the purpose of acquiring, holding, and disposing of shares of Common Stock.

DRAHI'S INDEPENDENT STATUS
AS A STATUTORY INSIDER

13. At all relevant times, Drahi was a director and controlling stockholder of the Company with fiduciary obligations to the Company not to engage in short-swing transactions.  Thus, Drahi is personally liable to disgorge short-swing profits, to the extent of his pecuniary interest in short-swing transactions in his own name or by Drahi Group members.

DEFENDANTS' PURCHASE AND SALE TRANSACTIONS

14. In a Form 4 filed with the SEC on May 27, 2021, the Drahi Group reported sales on May 25, 2021, of 2,350,000 and 1,560,161 shares of the Company's Common Stock at a price per share of $37.21.

15. In its Form 10-Q for the quarter ended September 30, 2021, the Company reported that it had repurchased 1,921,894 shares of Common Stock at an average price per share of $30.42 in August 2021, and 670,885 shares of Common Stock at an average price per share of $31.23 in July 2021.

16. In its Form 10-Q for the quarter ended March 31, 2021, the Company reported that it had repurchased 6,766,190 shares of Common Stock at an average price per share of $33.81 in March 2021.

17. Drahi and the Drahi Group are controlling stockholders of the Company's Common Stock and had the opportunity to, directly or indirectly, profit or share in any profit derived from the Company's repurchases identified herein. 17 CFR 240.16a-1(a)(2)(i). The Drahi Group had an approximate 49.6% indirect pecuniary interest in the Company's repurchases, based upon disclosures in the Company's proxy statement filed with the SEC on April 30, 2021.

18. By engaging in the short-swing transactions identified herein, the Drahi Group and Drahi breached the trust and fiduciary duty that Drahi and the Drahi Group conferred upon the Company to refrain from engaging in short-swing trading in the Company's Common Stock.

19. Matching Drahi's and the Drahi Group's sales with the Company's repurchases, Drahi and the Drahi Group realized short-swing profits of at least $17,384,613 that are disgorgeable to the Company.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### AGAINST THE DRAHI GROUP

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19, *supra*, as if fully set forth herein.

21. At all relevant times, the Drahi Group was a greater than 10% beneficial owner of Altice USA Common Stock and had a direct or indirect pecuniary interest in the profits derived from the Drahi Group's short-swing transactions.

22. The matching of sales by the Drahi Group on May 25, 2021 with purchases by the Company in March, July and August 2021 yields short-swing profits of at least $17,384,613.

23. Accordingly, Plaintiff is entitled to damages against the Drahi Group and its members on behalf of Altice USA in an amount of at least $17,384,613.

### IN THE ALTERNATIVE,
### AS AND FOR A SECOND CLAIM FOR RELIEF
### AGAINST DRAHI

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23, *supra*, as if fully set forth herein.

25. At all relevant times, Drahi was a director of the Company and beneficial owner of Common Stock in his individual capacity and as a member of the Drahi Group.

26. At all relevant times, Drahi had a direct or indirect pecuniary interest in the profits derived from the Drahi Group's short-swing transactions.

27. The matching of sales by Drahi and the Drahi Group on May 25, 2021 with purchases by the Company in March, July and August 2021 yields short-swing profits of at least $17,384,613.

28. Accordingly, Plaintiff is entitled to damages against Drahi on behalf of Altice USA in the amount of at least $17,384,613.

ALLEGATIONS AS TO DEMAND

29. On February 14, 2023, plaintiff made demand upon Altice USA to commence this lawsuit. In a letter dated March 24, 2023, the Company's counsel advised that the Company would not take action but reserved its rights in this matter.

WHEREFORE, Plaintiff demands judgment on behalf of Altice USA against defendants, as described above, plus attorneys' fees, interest, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 20, 2023

        Yours, etc.

        OSTRAGER CHONG FLAHERTY
          & BROITMAN P.C.

        By: /s/ Glenn F. Ostrager
            Glenn F. Ostrager
            Joshua S. Broitman
            Roberto L. Gomez

        437 Madison Avenue FL 24
        New York, New York 10022-7035
        (212) 681-0600

        *Attorneys for Plaintiff Andrew Roth*